Matter of L&M Bus Corp. v New York City Dept. of Educ. (2018 NY Slip Op 08366)





Matter of L&M Bus Corp. v New York City Dept. of Educ.


2018 NY Slip Op 08366


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


7833N 152673/18

[*1] In re L & M Bus Corp., et al., Petitioners-Respondents-Appellants,
v
New York City Dept. of Education, et al., Respondents-Appellants-Respondents. 
Reliant Transportation, Inc. and Local 1181-1061, Amalgamated Transit Union, AFL-CIO, Amici Curiae.


Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for appellants-respondents.
Wasserman Grubin & Rogers, LLP, New York (John F. Grubin of counsel), for respondents-appellants.
Hunton Andrews & Kurth LLP, New York (Joseph J. Saltarelli of counsel), for Reliant Transportation, Inc., amicus curiae.
Meyer, Suozzi, English & Klein, P.C., New York (Richard A. Brook of counsel), for Local 1181-1061, Amalgamated Transit Union, AFL-CIO, amicus curiae.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 14, 2018, which granted the petition brought pursuant to CPLR article 78 to the extent of enjoining respondents from soliciting, accepting, opening, or awarding any contracts pursuant to the bid solicitation that included certain employee protection provisions, unanimously affirmed, without costs.
The court correctly granted the petition to the extent of enjoining respondents from soliciting, accepting, opening, or awarding any contracts pursuant to the challenged 2017 request for a bid that includes certain employee protection provisions (EPPs).
As in Matter of L & M Bus Corp. v New York City Dept. of Educ. (17 NY3d 149 [2011]), given the inclusion in the bid solicitation of the EPPs, which are atypical, patently restrictive, comprehensive prebid specifications with a potential for anticompetitive consequences, the court applied a heightened standard requiring the assessment of whether DOE met its burden of demonstrating "proof that [the EPPs] are designed to save the public money by causing contracts to be performed at smaller cost or without disruption" (Matter of Council of City of N.Y. v Bloomberg, 6 NY3d 380, 392 [2006]; Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d 56 [1996]). The court correctly found that DOE did not meet this burden. Respondents cannot show that the bids for EPP contracts were designed to save the public money by resulting in contracts that are less expensive than contracts without EPPs. Even if they are correct that the bid requests including EPPs would avoid the high costs to the public fisc from likely labor unrest in the absence of EPPs, they did not undertake any analysis showing that the inclusion of the EPPs and the avoidance of the costs of a strike would, on balance, save the public money in comparison to the costs of putting out bid requests without EPPs. It is not enough for DOE to simply show the likelihood of disruptive labor strife without offering some plausible demonstration that the costs of such strife to the public fisc necessitate the EPPs by providing evidence that preventing the strike would save [*2]more money than the EPPs would cost.
The other reasons provided by DOE for including the EPPs, including the development and retention of a skilled workforce, were either considered and rejected in the above cited cases, or have not been shown to satisfy the cost-saving interests embodied in the applicable competitive bidding law.
The relief sought in petitioners' cross appeal to modify the order to the extent it did not expressly declare that the EPPs in the 2017 RFB are unlawful and made in excess of DOE's authority is denied. While DOE did not meet its burden in support of the EPPs on the record here, there is no basis to hold that such EPPs
could never be lawful under the competitive bidding laws upon a proper demonstration that the EPPs would save the public money.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK